IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Elliot McNeil, #147700,        ) | |
|                                                           ) | |
|                    Plaintiff,               ) | C.A. No. 2:05-240-HMH-RSC |
|                                                           ) | |
|              vs.                                   ) | |
|                                                           ) | **OPINION & ORDER** |
| Richard E. Bazzle (Warden);       ) | |
| J. Bratka (Ofc.),                           ) | |
|                                                           ) | |
|                    Defendants.          ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] James Elliot McNeil ("McNeil"), a pro se state prisoner, alleges a negligence claim and violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Report and Recommendation, Magistrate Judge Carr recommends granting Richard E. Bazzle ("Bazzle") and J. Bratka's ("Bratka") (collectively "Defendants") motion for summary judgment, dismissing other pending motions as moot, and deeming the action "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i). For the reasons given below, the court grants the Defendants' motion for summary judgment, dismisses McNeil's claims, dismisses the remaining pending motions as moot, but declines to deem McNeil's action frivolous.

---

[1]The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

McNeil is a prisoner at Perry Correctional Institution ("PCI"). McNeil alleges that, on or around December 8, 1998, he was diagnosed with "uveitis," an eye infection which causes pain in his eyes and obscures his vision when his eyes are exposed to sunlight. (Compl. 3.) McNeil alleges that the South Carolina Eye Institute gave the South Carolina Department of Corrections ("SCDC") a prescription for McNeil to receive a pair of sunglasses, and SCDC did not fill the prescription. However, in June 2000, he received permission to have his own prescription sunglasses sent from home to Leiber Correctional Institution ("Leiber"), where he was incarcerated at that time. (Id.) At some point between June 2000 and October 2004, McNeil was transferred from Leiber to PCI.

On October 13, 2004, Bratka took McNeil's sunglasses from him. (Id. 4.) Bratka claims that he took the sunglasses because McNeil had received them from another inmate and because they were contraband, as they were not the variety sold in the prison canteen. (Defs.' Mem. Supp. Summ. J. Ex. 2 (Bratka Aff. ¶¶ 17, 25).) Bratka charged McNeil with possession of contraband or trafficking and trading contraband, for which McNeil was found not guilty by the disciplinary hearing officer. (Id. Ex. 2 (Bratka Aff ¶¶ 35, 40); Compl. 4.)

Bratka claims that when he sought to take McNeil's glasses, McNeil did not inform him of his eye condition. (Defs.' Mem. Supp. Summ. J. Ex. 2 (Bratka Aff. ¶ 44).) Moreover, there is no evidence that McNeil informed Bratka that he had received permission from the nurses at Leiber to have the sunglasses for his medical condition, and Bratka testified in his affidavit that McNeil did not inform him when he confiscated McNeil's glasses. (Id.). However, construing his allegations broadly, McNeil alleges that he went to Bazzle, the

2

warden of PCI, and informed him that Bratka had taken his sunglasses, which he needed for a medical reason. (Compl. 4.) McNeil claims that Bazzle told him that he would have to "buy sunglasses off the canteen or have the medical staff here at [PCI] reaprove [sic] [his] prescription sunglasses pass." (Id.) McNeil alleges that he returned to the eye doctor, whereupon the eye doctor re-examined McNeil's eyes and reaffirmed McNeil's use of sunglasses. (Id.) However, McNeil claims that Bazzle would not return his sunglasses.[2] (Id.)

In his complaint, McNeil claims that Bazzle and Bratka have violated his rights under the Eighth Amendment to the United States Constitution as a result of deliberate indifference to his serious medical needs. Finally, construing his pleadings claims broadly, McNeil has stated claims for deprivation of property without due process of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution and for negligence. In his complaint, McNeil seeks compensatory and punitive damages and injunctive relief in the form of having the court order "Bazzle, Bratka or their agents to replace [his] sunglasses [with] one of equal value of $75.00." (Id. 6.)

The Magistrate Judge recommends granting summary judgment to the Defendants on the basis that the Defendants did not violate McNeil's constitutional rights and are entitled to

---

[2] The record reflects that McNeil obtained a second pair of sunglasses, not the type sold in the canteen, which Bratka confiscated on December 17, 2004. (Defs.' Mem. Supp. Summ. J. Ex. 3 (Bratka Aff. ¶¶ 46, 54).) McNeil makes no mention of these sunglasses being confiscated in his complaint, and it is uncertain that he seeks to apply his claims to this pair as well as the first pair confiscated. In any event, the facts related to the confiscation of this second pair of glasses do not change the court's analysis of McNeil's claims as set forth herein.

3

qualified immunity from damages in their individual capacities and, to the extent they were sued in their official capacities, the Defendants are to be treated as the State of South Carolina and are not subject to suit. (Report and Recommendation 12-13.) Moreover, the Magistrate Judge found that McNeil's due process claim is without merit, as Bazzle offered to allow him to send the confiscated sunglasses home. (Id.) Further, even if Bazzle had not offered McNeil the opportunity to send the glasses home, the Magistrate Judge found that no due process claim would lie because South Carolina provides adequate post-deprivation remedy for the loss of McNeil's property, as South Carolina waives sovereign immunity to the extent of insurance coverage for torts of state employees acting within the scope of their employment. (Id. 13-14.)

## II. Discussion of the Law

McNeil filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

### A. Eighth Amendment Claim

As an initial matter, in his objections McNeil construes his claims as being for "cruel and unusual punishment in violation of the 8th amendment of the U.S. constitution, the denial of procedure [sic] due process, and the denial of medical care." (Objections 1.) McNeil's

first and third claims are the same.  McNeil alleges that Bratka and Bazzle violated his rights under the Eighth Amendment by taking his sunglasses, which resulted in his eyes being exposed to sunlight, causing him pain, and constituting cruel and unusual punishment and deliberate indifference to his medical needs.

McNeil raises objections to the factual underpinnings of the Magistrate Judge's conclusion that McNeil's Eighth Amendment rights have not been violated, such as alleging that the sunglasses which were taken were "prescription sunglasses" and claiming that the Defendants should have known of his medical needs.  (Objections 2, 4.)  However, the court finds that, under the facts in the record, the Defendants are entitled to summary judgment on McNeil's Eighth Amendment claim.

"The showing necessary to demonstrate that particular conduct by prison officials is sufficiently serious to constitute cruel and unusual punishment varies according to the nature of the alleged constitutional violation." De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (internal quotation marks omitted).  "In order to establish that [he] has been subjected to cruel and unusual punishment, a prisoner must prove (1) that the deprivation of a basic human need was objectively sufficiently serious, and (2) that subjectively the officials acted with a sufficiently culpable state of mind." Id. at 634 (internal quotation marks omitted).

McNeil may satisfy the second element by showing that the prison administration was deliberately indifferent to his medical needs. Id.  "Deliberate indifference entails something more than mere negligence" but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 634 (internal quotation marks omitted).  A prison official shows deliberate indifference if he "knows of and

5

disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Finally, "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. A prison official's duty under the Eighth Amendment is to ensure reasonable safety." Id. at 844 (internal quotation marks omitted).

Even if the court were to assume that McNeil's eye condition was sufficiently serious such that depriving McNeil of sunglasses could constitute a violation of McNeil's Eighth Amendment rights, the court finds that McNeil has not provided evidence sufficient to create a genuine issue of material fact with respect to whether Bratka and Bazzle acted with a culpable state of mind. Bratka testified that McNeil did not inform him, when he took the glasses, that McNeil had a medical condition which required that he have the glasses or that he had received special permission to have glasses which were not sold at the canteen. (Defs.' Mem. Supp. Summ. J. Ex. 2 (Bratka Aff. ¶ 44).) There is no evidence that Bratka knew of McNeil's medical need for the sunglasses or permission to have sunglasses not purchased at the canteen when he confiscated the glasses. Accordingly, there is no reason to expect Bratka to have known that confiscating McNeil's sunglasses would result in physical pain to McNeil.

Furthermore, McNeil has offered no evidence to rebut Bazzle's claim that he informed McNeil that a free pair of sunglasses from the canteen would be provided for him if McNeil had a medical need for the sunglasses and could not afford them. (Defs.' Mem. Supp. Summ. J. Ex. 1 (Bazzle Aff. ¶¶ 21, 23).) In his objections, McNeil admits that he has never asked

for a free pair of sunglasses, not because those sunglasses are somehow inadequate to address his condition, but "they are not consider [sic] prescription sunglasses this meaning they can be taken any time." (Objections 3.) Accordingly, under Farmer, the court finds that the Defendants acted reasonably for purposes of Eighth Amendment liability in response to McNeil's condition, and the Defendants are entitled to summary judgment on McNeil's Eighth Amendment claim.[3]

### B. Due Process and Negligence Claims

McNeil also objected to the Magistrate Judge's finding that Bazzle offered McNeil the opportunity to send his confiscated sunglasses home, claiming that he had no such opportunity. (Objections 2-3). However, McNeil made no specific objection to the Magistrate Judge's finding that he cannot proceed on his due process claim as there is an adequate post-deprivation remedy for the loss of his property. Therefore, even if McNeil had no opportunity to have the confiscated sunglasses sent home, McNeil's due process claim may not go forward.

By McNeil's own statement of claims in his objections, it does not appear that he has pursued a negligence claim in this action, although he wrote "negligence" on his complaint. (Compl. 2.) A claim for a negligent deprivation of property or indifference to medical need is not actionable under § 1983. Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995) (dealing with deprivation of life, liberty, or property); De'Lonta, 330 F.3d at 634 (determining that

---

[3]McNeil's claim that he "is still not getting treatment," when coupled with his admission that he has not asked for a free pair of sunglasses, is understandable. (Objections 3.)

7

deliberate indifference to a medical need consists of more than mere negligence).  To the extent McNeil alleges a separate negligence claim, the court declines to exercise supplemental jurisdiction over such a state law claim, as there are no federal claims remaining.  Cf. Kendall v. City of Chesapeake, 174 F.3d 437, 444 (4th Cir. 1999).  Moreover, just as the Magistrate Judge found with respect to McNeil's claims for deprivation of property, McNeil also has an adequate remedy for any negligence claim he may have under the South Carolina Tort Claims Act.  (Report and Recommendation 14); see S.C. Code Ann. §§ 15-78-10 to 220 (1999).  Finally, the court declines to construe McNeil's action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  Therefore, after careful consideration of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation in part.

It is therefore

**ORDERED** that the Defendants' motion for summary judgment, document number 8, is granted. It is further

**ORDERED** that McNeil's § 1983 claims for alleged violations of his constitutional rights are dismissed with prejudice. McNeil's negligence claim is dismissed without prejudice. It is further

**ORDERED** that McNeil's motion to compel, document number 10, and McNeil's motion to amend/correct his motion to compel, document number 17, are dismissed as moot.

**IT IS SO ORDERED.**

                                          s/ Henry M. Herlong, Jr.
                                          United States District Judge

Greenville, South Carolina
January 12, 2006

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.